IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Michael Leite, ) | C/A No. 0:15-1780-BHH-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Kevin Michael Leite, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Williamsburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Petitioner indicates that he was sentenced by a federal judge in the United States District Court for the Western District of North Carolina to 322 months' imprisonment on April 7, 2008 for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and a controlled substance violation under 21 U.S.C. § 841(a)(1). (ECF No. 1 at 1.) Petitioner alleges that the court erroneously enhanced his sentence under the career offender guidelines, United States Sentencing Guideline ("USSG") 4B1.1, and that he is actually innocent of being a "an Armed Career Criminal and Career Criminal." (Id. at 8-9.) Petitioner seeks resentencing "without the career offender application to his sentence." (Id. at 15.)

PJG

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The instant Petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

---

[2] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 1 at 4, 9.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).



> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the reach of the savings clause does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). In this case, Petitioner provides no factual allegations to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal or § 2255 motion.[3] Instead, Petitioner challenges his sentence enhancement. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause

---

[3] The court notes that the United States Court of Appeals for the Fourth Circuit has held that a petitioner's claim that he is actually innocent of the underlying crime of being a felon in possession under § 922(g)(1) is cognizable under § 2241. See Farrow, 541 F. App'x at 328. However, Petitioner does not allege that he is actually innocent of being a felon in possession of a firearm under § 922(g)(1). Moreover, Petitioner fails to allege factual innocence of the underlying offenses allegedly used to improperly enhance his sentence. As cognizable claims of actual innocence must be based on "factual innocence, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 623 (1998), any actual innocence claim Petitioner may be attempting to assert is subject to summary dismissal.



and proceed under § 2241, the instant Petition is subject to summary dismissal.[4]  See Almond v Braggs, C/A No. 8:14-1194-BHH, 2015 WL 1186434, at *1 (D.S.C. Mar. 16, 2015) (adopting and incorporating Report and Recommendation finding that "sentence enhancements under the ACCA and the career offender guidelines are not appropriate for review under § 2241"); Williams v. Mansukhani, C/A No. 8:14-1195-TMC, 2015 WL 566490, at *1 (D.S.C. Feb. 11, 2015) (adopting Report and Recommendation for summary judgment in favor of the respondent, and finding that a petitioner could not proceed under § 2241 where he only alleged innocence of an ACCA sentencing enhancement).

Finally, the Petition asserts that the United States Supreme Court's decision in Persaud v. United States, 134 S. Ct. 1023 (2014), allows Petitioner to attack his sentencing enhancement under § 2241.  (ECF No. 1 at 2, 14-15.)  However, the facts in the instant case are distinguishable from Persaud, which involved a sentence enhancement, pursuant to 21 U.S.C. § 851, to a mandatory minimum term of life imprisonment.  See United States v. Persaud, 87 F. App'x 869, 870 (4th Cir. 2004).  In contrast, the Petitioner in this case indicates that he received a total sentence of 322

---

[4] The court notes that Petitioner's argument for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), is flawed in any event.  Under both the ACCA and the career offender guidelines, prior offenses must be punishable by a term of imprisonment exceeding one year to qualify as a predicate offense.  See USSG § 4B1.2; see also 18 U.S.C. § 924(e)(1) (referring to 18 U.S.C. § 922(g)(1)).  In this case, Petitioner concedes that he received sentences in excess of one year for the prior North Carolina offenses used to enhance his federal sentence.  (ECF No. 1 at 12.)  The fact that Petitioner's North Carolina sentences were suspended upon the service of less than one year in prison does not entitle Petitioner to relief under Simmons.  See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) ("Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment."); see also Perez-Garcia v. United States, C/A Nos. 3:14-cv-467-FDW, 3:01-cr-36-FDW-1, 2014 WL 5605060, at *3 (W.D.N.C. Nov. 4, 2014) (finding that the holding in Simmons was not implicated where the challenged predicate offense could have resulted in a prison sentence in excess of one year had the § 2241 petitioner's probation been revoked).



months' imprisonment. As such, Petitioner fails to demonstrate an entitlement to relief under § 2241 based on Persaud. See Bramwell v. Perdue, C/A No. 5:14CV7, 2015 WL 251419, at *4 (N.D. W. Va. Jan. 20, 2015) (noting that "the application of the savings clause in Persaud related to a very narrow scenario" and holding that a petitioner's challenge to a career offender enhancement did not demonstrate the type of "fundamental" error that existed in Persaud). Further, "the Supreme Court's limited ruling on the petition for certiorari in Persaud does not change the state of existing Fourth Circuit precedent." Brown v. Mansukhani, C/A No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation for summary dismissal of a § 2241 petition challenging a mandatory-minimum life sentence under Persaud).

### III.    Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 1, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).