IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Michael Leite, ) | C/A No.  0:15-1780-BHH-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Kevin Michael Leite, a self-represented federal prisoner confined at FCI Williamsburg, filed an action seeking habeas corpus relief under 28 U.S.C. § 2241. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss Leite's Amended Petition. (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Leite was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 31.) Leite filed a response in opposition. (ECF No. 33.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion to dismiss should be granted.

**BACKGROUND**

Leite indicates that he was sentenced in the United States District Court for the Western District of North Carolina on April 7, 2008 to 120 months' imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and 262 months' imprisonment for a controlled substance offense in violation of 21 U.S.C. § 841(a)(1), to be served concurrently. (ECF No. 23-1 at 10.) Leite alleges that he also received a consecutive sixty-month sentence under 21

U.S.C. § 924(c), for a total aggregate sentence of 322 months' imprisonment. (Id.) Leite indicates that he did not file a direct appeal, but did file a motion in the sentencing court in April 2010 to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Id.; see also ECF No. 23 at 1.) The sentencing court denied Leite's § 2255 motion as untimely filed pursuant to the applicable statute of limitations. See Leite v. United States, C/A No. 1:10cv87, 2010 WL 3122636 (W.D.N.C. Aug. 9, 2010). Leite further indicates that he sought permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion under § 2255 in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a North Carolina conviction may serve as a predicate offense for purposes of sentence enhancement), but the Fourth Circuit denied such authorization. (ECF No. 23 at 2; ECF No. 23-1 at 10.)

In the Amended Petition, Leite argues that § 2255 is inadequate and ineffective to test the legality of his detention and that he is "actually innocent of the illegal 851 sentencing enhancement applied to his sentence which currently exceeds the twenty year statutory maximum under Title 21 U.S.C. Section 841." (ECF No. 23 at 2.) Leite appears to base this argument on the allegation that prior convictions in the state of North Carolina, which were used to enhance his federal sentence, "do not qualify for 851 enhancement purposes" in light of Persaud v. United States, 134 S. Ct. 1023 (2014) (remanding claims brought pursuant to § 2255 and § 2241 to the Fourth Circuit for further consideration of the Government's argument in favor of relief under Simmons). (Id.)

# DISCUSSION

A.   Rule 12(b)(1) Standard[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded. It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The court observes that it is required to liberally construe *pro se* petitions and complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition or complaint, the petitioner's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal

---

[1] Leite alleges that a motion to dismiss "is not appropriate pleading practice" in a habeas corpus action. (Petr.'s Resp. Opp'n Mot. to Dismiss, ECF No. 33 at 10.) However, the Rules Governing Section 2254 Cases state that the Federal Rules of Civil Procedure may be applied to a habeas corpus action to the extent they are not inconsistent with any statutory provision or the habeas rules. See Rules Governing § 2254 Cases, Rule 12; see also Fed. R. Civ. P. 81(a)(4) (same). Moreover, the Rules Governing Section 2254 Cases contemplate the filing of an "answer, motion, or other response" by the respondent when ordered to do so by the court. See Rules Governing § 2254 Cases, Rule 4; cf. Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (noting that the standards of Rule 12 of the Federal Rules of Civil Procedure apply to a motion to dismiss a § 2254 petition).



construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was

---

[2] Leite indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 23 at 1; ECF No. 23-1 at 10.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same).



not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual innocence " 'means factual innocence, not mere legal insufficiency.' " Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

**C.    Discussion**

The respondent argues that the court lacks jurisdiction to consider Leite's § 2241 Petition because he cannot "establish that he was actually innocent of the crime of which he is convicted ."[3] (Respt's Mot. Dismiss, ECF No. 29-1 at 5-7.) Thus, the respondent asserts that Leite cannot meet the conditions pronounced in In re Jones, 226 F.3d at 333-34, to satisfy the savings clause under § 2255(e) and proceed under § 2241. (Id.)

In his response in opposition to the respondent's motion, Leite continues to assert that his sentence was illegally enhanced under § 851 "based on prior North Carolina 'simple possession' of narcotics offenses, which . . . never qualified as predicate offenses for 851 purposes." (Petr.'s Resp. Opp'n Mot. to Dismiss, ECF No. 33 at 3.) Leite further argues that his challenge of a sentence enhancement under § 851 is cognizable under § 2241 due to the holding in Persaud v. United States, 134 S. Ct. 1023 (2014). (Petr.'s Resp. Opp'n Mot. to Dismiss, ECF No. 33 at 2.)

As argued by the respondent, Leite provides no factual allegations to plausibly suggest that the conduct for which he was convicted and sentenced has been deemed non-criminal by any

---

[3] To the extent the respondent's motion addresses Leite's challenge of his classification as a career offender under the United States Sentencing Guidelines, Leite concedes that he "cannot challenge the guidelines under 2241" and clarifies that his Amended Petition challenges only his sentence enhancement under 21 U.S.C. § 851. (Petr.'s Resp. Opp'n Mot. to Dismiss, ECF No. 33 at 2.)



substantive law change since his direct appeal and first § 2255 motion.[4]  Moreover, "the Supreme Court's limited ruling on the petition for certiorari in Persaud does not change the state of existing Fourth Circuit precedent." See Brown v. Mansukhani, C/A No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation for summary dismissal of a § 2241 petition challenging a mandatory minimum life sentence under Persaud). Controlling law holds that petitioners cannot use the savings clause to challenge their sentences.[5] See Surratt, 797 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7.  Leite cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241.  See Surratt, 797 F.3d at 250 (holding that a challenge to the legal classification of predicate offenses under Simmons "constitutes the sort of argument . . . that [the Fourth Circuit has] deemed insufficient" to trigger relief under the savings

---

[4] The facts in the instant case are also materially distinguishable from those in Persaud, which involved a sentence enhancement, pursuant to 21 U.S.C. § 851, to a statutory mandatory minimum term of life imprisonment.  See United States v. Persaud, 87 F. App'x 869, 870 (4th Cir. 2004).  In contrast, Leite challenges the 262-month portion of his sentence.  As such, Leite fails to plausibly suggest an entitlement to relief under § 2241 based on Persaud.  See Bramwell v. Perdue, C/A No. 5:14CV7, 2015 WL 251419, at *4 (N.D. W. Va. Jan. 20, 2015) (noting that "the application of the savings clause in Persaud related to a very narrow scenario" and holding that a petitioner's challenge did not demonstrate the type of "fundamental" error that existed in Persaud).

[5] Leite's reliance on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), for relief under § 2241 is also misplaced, because the holding in Simmons did not decriminalize the conduct for which Leite was convicted.  See Surratt, 797 F.3d at 246 (affirming district court's conclusion that a petitioner could not challenge his sentence and obtain relief under § 2241 where he "could not establish that Simmons rendered any of his conduct 'noncriminal' ").



clause). Therefore, this court lacks jurisdiction to consider the Amended Petition in this case. Id. at 268.[6]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion to dismiss for lack of subject matter jurisdiction be granted. (ECF No. 29.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] Leite asserts that his § 851 enhancement resulted in a sentence that exceeds the statutory maximum. (Petr's Resp. Opp'n, ECF No. 33 at 6.) However, as noted by the respondent, Leite entered a guilty plea to "possession with intent to distribute 'at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine,' " in violation of 21 U.S.C. § 841(a)(1), which "carried a statutory range of imprisonment of 5 years to 40 years" pursuant to 21 U.S.C. § 841(b)(1)(B)(viii). (Respt.'s Mot. Dismiss, ECF No. 29-1 at 9 (citing United States v. Leite, C/A No. 1:07-cr-36-MR (W.D.N.C. Apr. 7, 2008) (indictment reflected at ECF No. 1 and judgment reflected at ECF No. 17)). Thus, as argued by the respondent, Leite's belief that he has been sentenced above the statutory maximum is incorrect.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).