UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Michael Leite, #21987-058,<br><br>　　　　　　Petitioner,<br>vs.<br><br>Warden FCI Williamsburg,<br><br>　　　　　　Respondent. | Civil Action No.: 0:15-1780-BHH<br><br><br>**Opinion and Order** |

Petitioner, Kevin Michael Leite, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that Respondent's Motion to Dismiss be granted and the § 2241 petition be denied. (ECF No. 36.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner, a federal inmate at FCI-Williamsburg, filed this action challenging his status as an Armed Career Offender and seeking a reduction in his federal sentence. On March 28, 2008, Petitioner was sentenced to 262 months imprisonment for possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)).[1] Petitioner filed a motion to vacate, set aside, or correct his

---

[1] Petitioner was also sentenced to a concurrent sentence of 120 months imprisonment for possession of firearms by a convicted felon (18 U.S.C. § 922(g)) and a mandatory consecutive sentence of 60 months

sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on August 9, 2010. *See Leite v. United States*, No. 1:10-cv-00087-MR (W.D.N.C.) (ECF No. 2). On January 9, 2012, Petitioner then filed a motion pursuant to 28 U.S.C. §2244 for authorization to file a second or successive § 2255 motion in the district court, which the Fourth Circuit denied on February 2, 2012. *In re Kevin Leite*, Appeal No. 12-105 (4th Cir.) (ECF Nos. 2 and 4).

Now, Petitioner challenges his 262 months sentence by way of a § 2241 petition. He claims that he should have faced a statutory maximum sentence of 20 years on this count because his prior state drug convictions were mere possession offenses, which he claims do not qualify as "felony drug offenses" for sentence enhancement under the Armed Career Criminal Act ("ACCA"). (ECF No. 23 at 2.) He further asserts that his § 2241 petition is proper (rather than a § 2255 petition) because of the recent decision by the United States Supreme Court in *Persaud v. United States*, 134 S.Ct. 1023 (2014). (*Id.* at 3–4.) Petitioner requests that his conviction be vacated and that he be resentenced without the ACCA enhancement. (*Id.* at 2.)

On November 5, 2015, the Magistrate Judge issued a Report; and on November 18, 2015, Petitioner filed his Objections. (ECF No. 38.) Petitioner also filed a motion to stay on December 7, 2015, asking that that the Court stay this matter until a final judgment is rendered by the Fourth Circuit Court of Appeals in *Surratt v. United States*, 797 F.3d 240 (4th Cir. 2015). (ECF No. 41.) A rehearing en banc was granted on December 2, 2015, and Petitioner asks that this matter be stayed pending the

---

imprisonment for using and carrying a firearm during drug trafficking offenses (18 U.S.C. § 924(1)(A)(i)). Petitioner does not challenge these sentences, however.

outcome. (*Id.* at 2.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Upon review, Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petition for a writ of habeas corpus pursuant to § 2241 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough report. With regard to Petitioner's challenge to his sentence enhancement, the Magistrate Judge correctly stated that Petitioner "provides no factual allegations to plausibly suggest that the conduct for which he was convicted and sentenced has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion." (ECF No. 36 at 6–7.) The Magistrate Judge further correctly determined that the petition is, in fact, a successive motion pursuant to § 2255, and that Petitioner is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255. (*Id.* at 7.) S*ee United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting that the Fourth Circuit Court of Appeals has not extended the savings clause of § 2255 to petitioners challenging only their sentences, indicating that a petitioner must be challenging the legality of his *conviction*, not just his sentence).

As noted by Petitioner, *Surratt* leaves open the possibility that the savings clause might allow a petitioner to challenge a sentencing enhancement under § 2241.

4

After clarifying that the Surratt ruling was limited to the particular facts of that case, the Court of Appeals suggested that a prisoner *might* properly utilize a § 2241 petition to challenge his resultant sentence, where the applied enhancement produced a term of confinement in excess of the statutory maximum otherwise allowable in the absence of qualifying predicate offenses: "We do not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Surratt*, 797 F.3d at 269.

Here, however, the statutory maximum was not exceeded as a result of the ACCA enhancement. Petitioner pled guilty to possession with intent to distribute at least 50 grams of methamphetamine, which has a statutory range of imprisonment of 5 years to 50 years pursuant to 21 U.S.C. § 841(b)(1)(B)(viii). Petitioner was sentenced to 262 months for this count, which is indisputably less than the statutory maximum. *Surratt* is therefore unavailing and Petitioner's objection is overruled. Petitioner's motion to stay is denied for the same reasons.

While not specifically discussed by the Magistrate as a reason for dismissal, Petitioner's arguments for wrongful application of the ACCA enhancement are unavailing for an additional reason. The core of Petitioner's claim is that the ACCA enhancement was improperly applied because he does not have qualifying predicate offenses that trigger such application. Assuming for the sake of argument that Petitioner *could* challenge his sentence by way of a § 2241 petition, Petitioner cannot avoid the fact that his prior offenses *do* trigger enhancement of his sentence under the

ACCA. As aptly explained by the Respondent in the Motion to Dismiss, the fact that Petitioner's prior state drug convictions were "mere possession offenses" does not remove them from the category of qualifying offenses. Predicate "felony drug offense(s)" need have no distribution or manufacturing aspect in order to trigger enhancement pursuant to 21 U.S.C. §§ 841 and 851. *See Burgess v. United States*, 553 U.S. 124, 129 (2008) (finding that "all defendants whose prior drug crimes were punishable by more than one year in prison would be subject to the § 841(b)(1)(A) enhancement, regardless of the punishing jurisdiction's classification of the offense"). Accordingly, Petitioner has no basis to challenge his predicate offenses for enhancement purposes and would not be entitled to relief under § 2241—even if it were an avenue available to him.

## **CONCLUSION**

After a thorough *de novo* review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. The Court further DENIES Petitioner's motion to stay (ECF No. 41). It is therefore ORDERED that Respondent's motion to dismiss (ECF No. 29) is GRANTED and Petitioner's § 2241 petition is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

February 9, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.